**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2683-23

SUN PROPERTY MANAGEMENT,
INC., d/b/a SUNRISE MOTEL &
MCGRATH FAMILY
PARTNERSHIP INC., d/b/a
HERSHEY MOTEL,

 Plaintiffs-Appellants,

v.

THE BOROUGH OF SEASIDE
HEIGHTS and THE BOROUGH
COUNSEL OF THE BOROUGH
OF SEASIDE HEIGHTS,

 Defendants-Respondents.

_____

   Argued January 27, 2026 – Decided July 20, 2026

   Before Judges Sumners, Susswein and Augostini.

   On appeal from the Superior Court of New Jersey, Law
   Division, Ocean County, Docket No. L-0300-24.

   Christopher R. Shea argued the cause for appellants
   (R.C. Shea & Associates, attorneys; Christopher R.
   Shea, of counsel and on the briefs).

Kevin Riordan argued the cause for respondents (Kevin Riordan LLC and Rothstein Mandell Strohm Halm & Cipriani, attorneys; Kevin Riordan and Robin La Bue, on the briefs).

Trishka Waterbury Cecil argued the cause for amicus curiae New Jersey State League of Municipalities (Mason, Griffin & Pierson, PC, attorneys; Trishka Waterbury Cecil, of counsel and on the briefs).

Ezra D. Rosenberg argued the cause for amicus curiae American Civil Liberties Union of New Jersey Foundation (Ezra D. Rosenberg and Jeanne LoCicero, on the briefs).

PER CURIAM

Plaintiff Sun Property Management, Inc., doing business as Sunrise Motel, appeals the April 12, 2024, Law Division order dismissing its complaint against defendant Borough of Seaside Heights (the Borough). In an attempt to curb disorderly behavior by young adults during prom and graduation season, in August 2023, the Borough enacted an ordinance (the Ordinance) raising the age to rent a hotel or motel room from eighteen to twenty-one between April 15 and June 30 of each year. Before the Ordinance went into effect, plaintiff brought this action, alleging that the Ordinance violates the rights of eighteen-to-twenty-one-year-olds seeking to rent a hotel room during the covered period. Specifically, plaintiff claimed the Ordinance constitutes unlawful age and race discrimination under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to

-49; violates the substantive due process and equal protection rights of hotel customers under both the state and federal constitutions; and is impermissibly vague in that it fails to make clear what a hotel or motel must do to comply with its requirements.

We affirm the court's dismissal of plaintiff's LAD claims, vagueness claim, and federal constitutional claims, which the trial court properly rejected by upholding the Ordinance under rational basis review. However, we reverse the trial court's dismissal of plaintiff's equal protection and substantive due process claims under the New Jersey Constitution. Equal protection and substantive due process claims under the New Jersey Constitution are not analyzed under the rational basis, intermediate, and strict tiers of scrutiny, but rather a more flexible and fact-sensitive balancing test. Applying that test, we conclude that plaintiff has pled sufficient facts to state its claims under the New Jersey Constitution. We therefore remand for reasonable discovery—in the trial court's discretion—with respect to these claims.

I.

We discern the following facts and procedural history from the record. On August 16, 2023, the Borough enacted the Ordinance, precluding persons under twenty-one years old from renting hotel or motel rooms during the "prom

3

season" period between April and June. Specifically, the Ordinance provides, in relevant part:

§179-14 Regulations Pertaining to Hotels and Motels.

A. During the period commencing April 15 and ending at midnight on June 30 of each year, no room in a hotel or motel shall be rented to any person under [twenty-one] years of age. The primary occupant of each room shall be [twenty-one] years of age or older and must actually occupy the unit during the term of the rental. In the event any occupants are under [twenty-one] years of age those occupants shall be the immediate family member or under legal guardianship of the primary occupant or another occupant that is [twenty-one] years of age or older. Both the primary occupant executing the rental agreement and the hotel or motel owner shall be responsible for compliance with this provision, and both shall be responsible for a violation.

By its terms, the Ordinance subjects violators to a possible $1,000 fine, a term of incarceration, community service, or any combination of the three.

In enacting the Ordinance, the Borough council made the following findings: "for many decades during the months of April, May and June the Borough has experienced substantial numbers of unsupervised minors who rent rooms in the Borough to celebrate high school proms and graduations;" the number of unsupervised minors has "grown because of curfews and other restrictions imposed by neighboring municipalities;" the crowds of minors were

4

responsible for "unlawful and unsafe conditions;" the minors engaged in "violent and disorderly behavior [causing] excessive and unnecessary noise, parking complaints, vandalism, destruction of public and private property, fights . . . underage drinking and public intoxication, underage possession and use of cannabis, and public urination;" the Borough was devoting "substantial manpower and financial resources" to address the problem and "public safety employees and volunteers [were] put in harm's way;" and an earlier ordinance adopted in 2018 set a minimum age of eighteen to rent any premises but this had not mitigated the problems.

On January 23, 2024, plaintiff,[1] the operator of a motel in the Borough, brought this action seeking damages and an injunction preventing enforcement of the Ordinance. Plaintiff also requested temporary restraints. In its complaint, plaintiff claimed that the Ordinance violates the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2, by depriving their guests of equal protection and substantive due process under both the federal and New Jersey Constitutions;

---

[1] Two parties initially brought this case: Sun Property Management and Herb McGrath Family Partnership, Inc., doing business as Hershey Motel (Hershey). However, on April 11, 2024, the parties stipulated to dismissal with prejudice with respect to Hershey.

A-2683-23

and the LAD, by discriminating against their guests on the basis of age and race.[2]

Plaintiff also argued that the Ordinance is impermissibly vague, as it fails to make clear what a hotel or motel must do to comply with its requirements.[3]

On March 5, the Borough moved to dismiss the case for failure to state a claim under Rule 4:6-2(e). On March 8, the court heard oral argument on plaintiff's request for temporary restraints, which it denied.

On April 12, after a second oral argument, the court dismissed the complaint, rendering an oral decision. As an initial matter, the court found that plaintiff had no standing under the LAD or the CRA because a motel owner

---

[2] Plaintiff contends that the Ordinance is racially discriminatory because the covered "prom season" period includes the holidays of Cinco de Mayo, a celebration of Mexican heritage, and Juneteenth, which commemorates the end of slavery in the United States and is considered a celebration of African American resilience.

[3] Plaintiff did not explicitly articulate its vagueness argument in its complaint. However, plaintiff made that argument in its March 8, 2024 reply brief in support of the motion for temporary restraints and also raised it during both oral arguments. On appeal, defendant responds to plaintiff's vagueness argument and does not contend that it was not before the motion court. In these circumstances, and in light of our liberal pleading standards, we consider plaintiff's vagueness claim to have been adequately pled and properly before us on appeal. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) ("[A] reviewing court 'searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of [a] claim . . . .'" (quoting Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957))).

6

cannot stand in the shoes of a potential guest and file an action on the guest's behalf. Nevertheless, the court proceeded to address plaintiff's claims on the merits. Beginning with plaintiff's LAD claims, the court determined that plaintiff's age discrimination claim was meritless because the LAD does not prohibit places of public accommodation, like motels, from discriminating based on age. See N.J.S.A. 10:5-12(f). The court's decision dismissing the complaint did not address plaintiff's racial discrimination claim under the LAD.[4]

Turning to plaintiff's CRA claims, the court began by stating that "[w]here a statute neither burdens a [protected] group or a fundamental interest it is subject to . . . rational basis [review]." The court then noted that the United States Supreme Court has held that age is not a suspect classification and that housing is not a fundamental right, and it therefore determined that rational basis review applied and that the Ordinance would be upheld if it was rationally related to a legitimate state interest. Noting that age-based restrictions have

---

[4] The court did indirectly address this claim when it denied plaintiff's request for temporary restraints, holding that the facts underlying the alleged racial discrimination were too "controverted" to issue preliminary relief. Specifically, the court found that the Ordinance had a "non-facially discriminatory motive" and that plaintiff had produced no evidence of racial discrimination beyond the dates of the two holidays that happen to occur during the covered period. The court also addressed racial discrimination in the context of plaintiff's equal protection claim, discussed below.

been consistently upheld in the housing context—as well as in other contexts like driver's licensure, alcohol consumption, and voting—the court concluded that "it is entirely rational to enact age restrictions for hotels and motels using prom season in response to the experience of the [Borough]."

The court also rejected plaintiff's constitutional claim of racial discrimination, noting that (1) the Borough produced "ample" evidence that the Ordinance was a response to prom season issues, (2) the rational basis inquiry is limited to the public legislative record, and (3) that record was devoid of any evidence of racial animus. Finally, the court concluded that the Ordinance did not implicate any privacy or associational rights. The court's decision did not address plaintiff's vagueness claim.

This appeal followed. After an initial oral argument on September 30, 2025, we invited the American Civil Liberties Union-New Jersey (the ACLU) and the League of Municipalities (the League) to submit amicus briefs addressing what level of judicial scrutiny applies to each of plaintiff's constitutional arguments. On January 27, 2026, after receiving amicus briefs and supplemental submissions from the parties, we held a second oral argument with amici and the parties.

A-2683-23

On appeal, plaintiff argues it has standing to bring its claims; the Ordinance is subject to and fails heightened scrutiny under both the Equal Protection and Due Process Clauses; the Ordinance is unconstitutionally vague; and the Ordinance violates the LAD's prohibition on age and race discrimination.

The Borough and the League reply that the Ordinance is subject to and survives rational basis review, and that the Ordinance is not unconstitutionally vague. The Borough also argues that plaintiff lacks standing and fails to state an LAD claim, as the LAD does not prohibit age discrimination by public accommodations such as motels or hotels.

The ACLU contends that, under the New Jersey Constitution, equal protection and substantive due process claims are analyzed under a "flexible balancing test," rather than tiers of scrutiny, and that plaintiff has stated a claim under this test. The ACLU also argues that plaintiff's complaint adequately states claims of age and race discrimination claim under the LAD.

II.

We need only briefly address the threshold issue of standing. New Jersey courts take a "generous view of standing." In re New Jersey State Cont. A71188, 422 N.J. Super. 275, 289 (App. Div. 2011). In general terms, standing requires

9

that a party has "a sufficient stake and real adverseness with respect to the subject matter of the litigation." In re Baby T., 160 N.J. 332, 340 (1999). We are satisfied that plaintiff has standing to challenge the Ordinance because it prevents plaintiff from renting rooms to individuals under the age of twenty-one from April 15 to July 1, thereby limiting a source of revenue. See, e.g., United Prop. Owners Ass'n of Belmar v. Borough of Belmar, 343 N.J. Super. 1, 50-51 (App. Div. 2001) (holding that property owner had standing to assert violation of due process rights of persons to whom they wanted to rent); Oasis Therapeutic Life Centers, Inc. v. Wade, 457 N.J. Super. 218, 228-29 (App. Div. 2018) (determining that the plaintiff, a nonprofit group home, had standing to assert an LAD claim regarding discrimination against its residents because it suffered "economic damage allegedly resulting from [the] defendants' alleged discriminatory conduct").

## III.

We next address plaintiff's substantive claims, beginning with its contention that the trial court erred in dismissing its claims under the LAD. We conclude that both its LAD claims were properly dismissed.

Because the trial court dismissed plaintiff's complaint for failure to state a claim, our review is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J.

10

157, 171 (2021).  On review, we must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary."  Printing Mart, 116 N.J. at 746 (quoting Di Cristofaro, 43 N.J. Super. at 252).  In doing so, we should "giv[e] the plaintiff the benefit of 'every reasonable inference of fact.'"  Baskin, 246 N.J. at 171 (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).  However, "a dismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted."  Palmisano v. Admin. Off. of Cts., 482 N.J. Super. 328, 334 (App. Div. 2025) (quoting Rieder v. N.J. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)).  "Complaints cannot survive a motion to dismiss where the claims are conclusory or vague and unsupported by particular overt acts."  Id. at 335 (quoting Delbridge v. Off. of Pub. Defender, 238 N.J. Super. 288, 314 (Law Div. 1989)).

## A.

The LAD makes it "unlawful" "[f]or any owner . . . manager . . . agent, or employee of any place of public accommodation" to "discriminate against any person in the furnishing" of any of the "accommodations, advantages, facilities,

or privileges" of "any place of public accommodation" based on several explicitly enumerated protected characteristics. C.V., 255 N.J. at 307 (quoting N.J.S.A. 10:5-12(f)). Notably, however, N.J.S.A. 10:5-12(f)—the provision governing discrimination in places of public accommodation—does not include "age" as a protected category. Indeed, in C.V., our Supreme Court recently affirmed that "the LAD does not prohibit age discrimination in places of public accommodation." 255 N.J. at 320. Cf. DiProspero v. Penn, 183 N.J. 477, 495 (2005) ("The canon of statutory construction, expressio unius est exclusio alterius—expression of one thing suggests the exclusion of another left unmentioned—sheds some light on the interpretative analysis." (quoting Brodsky v. Grinnell Haulers, Inc., 181 N.J. 102, 112 (2004))).

Plaintiff, a motel, does not deny that it is a "place of public accommodation" under the LAD. Instead, plaintiff and the ACLU argue that the Ordinance violates a different provision of the LAD—N.J.S.A. 10:5-12(l)—which broadly prohibits a "person" from refusing to "buy from, sell to, lease from or to, license, contract with . . . or otherwise do business with any other person," and does include "age" as a protected category.

We believe the apparent conflict between subsections (f) and (l) is resolved by the well-established principle that "a more specific statutory

provision usually controls over a more general one." State v. Gomes, 253 N.J. 6, 28 (2023). We acknowledge that the LAD is "remedial legislation that must 'be liberally construed.'" Savage v. Twp. of Neptune, 257 N.J. 204, 215-16 (2024) (quoting N.J.S.A. 10:5-3). However, if subsection (l) were read as plaintiff and the ACLU suggest, subsection (f)'s notable omission of "age" would be rendered meaningless with respect to any case of discrimination by places of public accommodation that also involves a refusal to "contract" or "do business." See MasTec Renewables Constr. Co., Inc. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 318 (App. Div. 2020) ("A court must make every effort to avoid rendering any part of a statute inoperative, superfluous or meaningless." (citing Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 587 (2013))). Here, we decline to apply subsection (l)'s broad prohibition on discrimination in commercial activity when subsection (f) specifically governs places of public accommodation like plaintiff. We therefore affirm the trial court's dismissal of plaintiff's LAD age discrimination claim.

B.

Turning to plaintiff's race and ethnicity discrimination claim, plaintiff's contention is based on an assertion that the Ordinance prohibits rentals by adults

under the age of twenty-one during the weekends commemorating the holiday of Cinco de Mayo, which celebrates Mexican heritage, and the national holiday of Juneteenth, which commemorates the end of slavery in the United States.

It can hardly be disputed that the LAD explicitly prohibits discrimination based on "race," "national origin," and "ancestry" in places of public accommodation. N.J.S.A. 10:5-12(f). When analyzing LAD claims, we follow the "'procedural burden-shifting methodology' set forth in McDonnell Douglas Corp. v. Green, [411 U.S. 792, 802-04] (1973)." Meade v. Twp. of Livingston, 249 N.J. 310, 328 (2021) (quoting Zive v. Stanley Roberts, Inc., 182 N.J. 436, 447 (2005)). See also S.G. v. New Jersey Dep't of Corr., 485 N.J. Super. 155, 168-69 (App. Div. 2026) (applying the McDonnell Douglas framework to an LAD claim against a place of public accommodation). Under that burden-shifting framework:

> (1) the plaintiff must come forward with sufficient evidence to constitute a prima facie case of discrimination; (2) the defendant must then show a legitimate nondiscriminatory reason for its decision; and (3) the plaintiff must then be given the opportunity to show that defendant's stated reason was merely a pretext or discriminatory in its application.
>
> [Meade, 249 N.J. at 328 (quoting Henry v. Dep't of Hum. Servs., 204 N.J. 320, 331 (2010)).]

A-2683-23

Plaintiff contends that by enacting the Ordinance, the Borough "has engaged in intentional discrimination that also [has] a discriminatory effect on African Americans and Latinos." However, this charge of intentional discrimination is a bare conclusion unsupported by any specific factual allegations of discriminatory intent. Furthermore, with respect to its claim of discriminatory impact, we decline to entertain an LAD claim premised solely on the fact that two culturally significant holidays happen to fall within the time period the Borough has chosen based on a history of issues with nuisance and disorderly behavior arising out of prom and graduation celebrations.[5] In other words, the mere fact that these holidays fall between April 15 and June 30 is, without more, "palpably insufficient" to support a prima facie case of discrimination under the LAD, and dismissal is therefore required. Palmisano, 482 N.J. Super. at 334.

---

[5] The ACLU points out that the Ordinance's restrictions begin earlier and end later than the majority of prom weekends. However, we do not read the LAD to require the Borough to precisely tailor the Ordinance to the exact dates of local proms or graduations, and we note that municipal ordinances "carry a presumption of validity." Newfield Fire Co. No. 1 v. Borough of Newfield, 439 N.J. Super. 202, 209 (App. Div. 2015) (quoting Hutton Park Gardens v. Town Council of W. Orange, 68 N.J. 543, 564 (1975)).

A-2683-23

IV.

We now turn to plaintiff's constitutional claims. We note that while the trial court's oral decision briefly mentioned the New Jersey Constitution's flexible balancing test, its analysis focused entirely on the federal constitutional tiers of scrutiny, and it upheld the Ordinance under the rational basis test.

A.

Under the Fourteenth Amendment's Equal Protection Clause, age is not a suspect classification, and the Ordinance is therefore subject to rational basis review, which requires only that "the age classification in question is rationally related to a legitimate state interest." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83 (2000). Under that standard, a reviewing court will uphold the classification "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." Id. at 84; see also ibid. (recognizing that states may "rel[y] on broad generalizations with respect to age"). Here, as the trial court determined, the Ordinance survives rational basis review because the Borough could rationally conclude that restricting hotel rentals to eighteen-to-twenty-one-year-olds during the covered period would reduce nuisance-like behavior and disorderly conduct. The Borough's statement

of legislative findings accompanying the Ordinance suffices to establish this conclusion.

The Ordinance also survives rational basis review under the Fourteenth Amendment's Due Process Clause. Plaintiff argues that the Ordinance is subject to heightened scrutiny because it infringes on the fundamental rights to privacy and to "associate socially," but neither argument finds support in federal constitutional case law. The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." Dep't of State v. Munoz, 602 U.S. 899, 910 (2024) (quoting Washington v. Glucksberg, 521 U.S. 702, 720 (1997)). However, before recognizing a right or interest as fundamental, courts insist on a "careful description" of the right or interest and will only protect "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition." Ibid. (quoting Glucksberg, 521 U.S. at 720-21).

Here, applying the "careful description" requirement, the fundamental right asserted in this case is not a general right to privacy or association, but the right to rent and occupy a hotel room. However, plaintiff points to no case supporting recognition of such a right under the Federal Constitution, and we decline to find that right here, especially given that courts have upheld analogous

17

restrictions on the occupancy of <u>dwellings</u>—a more significant liberty infringement than a restriction on hotel and motel rentals. <u>See</u> <u>Vill. of Belle Terre v. Boraas</u>, 416 U.S. 1, 2-3, 8-9 (1974) (upholding under rational basis review a zoning ordinance that restricted land use to single-family dwellings and limited the number of unrelated people who could live together to two); <u>HomeRoom, Inc. v. Shawnee, Kansas, City of</u>, 691 F. Supp. 3d 1316, 1318, 1323 (D. Kan. 2023) (upholding, under <u>Belle Terre</u> and rational basis review, an ordinance prohibiting four or more unrelated persons over eighteen from living in a dwelling unit), <u>aff'd sub nom.</u> <u>Homeroom, Inc. v. City of Shawnee</u>, No. 23-3168, 2026 WL 925733 (10th Cir. Apr. 6, 2026). <u>Compare</u> <u>Moore v. City of E. Cleveland</u>, 431 U.S. 494, 498 (1977) (plurality) (invalidating ordinance because it "selects certain categories of relatives who may live together and declares that others may not," which "sets this case apart from <u>Belle Terre</u>").

In its brief, plaintiff relies mainly on New Jersey cases that struck down ordinances or zoning regulations based on a non-tiered method of substantive due process review under the New Jersey Constitution,[6] which we discuss in the

_____

[6] <u>See, e.g.,</u> <u>Kirsch Holding Co. v. Borough of Manasquan</u>, 59 N.J. 241, 251-52 (1971) (holding that a zoning regulation "must not be unreasonable, arbitrary or capricious;" its "means . . . must have a real and substantial relation to the object sought to be attained;" and it must "not exceed the public need or substantially

following section. For purposes of federal constitutional analysis, however, these cases do not establish that the Ordinance is subject to heightened scrutiny. Additionally, in support of its privacy argument, plaintiff cites state and federal criminal cases concerning the police's ability to search a person's hotel room under the Fourth Amendment. See Georgia v. Randolph, 547 U.S. 103 (2006); State v. Hathaway, 222 N.J. 453 (2015). However, while these cases establish that a guest has a reasonable expectation of privacy in their hotel room for Fourth Amendment purposes—that is, a right against unreasonable entry and searches by police—they do not have any bearing on the constitutionality of an Ordinance setting rental and occupancy limitations for hotels and motels.

In sum, plaintiff cannot establish that a heightened tier of scrutiny under the Federal Constitution applies. Because the Ordinance survives rational basis review, plaintiff's federal substantive due process claim was properly dismissed.

---

affect" innocent uses of a property—and omitting any mention of tiers of scrutiny); State v. Baker, 81 N.J. 99, 105, 112 (1979) (relying on Kirsch and expressly diverging from the federal constitution); Belmar, 343 N.J. Super. at 38 (invalidating, on constitutional grounds, a provision restricting the number of persons who could be present in a summer rental after certain hours, because it "impact[ed] . . . a substantial amount of protected behavior, more than [was] necessary to abate the nuisances"); and Tirpak v. Borough of Point Pleasant Beach Board of Adjustment, 457 N.J. Super. 441, 445 (App. Div. 2019) (relying on Kirsch and Baker).

19

B.

Turning to plaintiff's state constitutional claims, Article I, Paragraph 1 of the New Jersey Constitution provides: "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." N.J. Const. art. 1, ¶ 1. "Although our State Constitution nowhere expressly states that every person shall be entitled to substantive due process of law, the expansive language of Article I, Paragraph 1 embraces that fundamental guarantee." State in Int. of C.K., 233 N.J. 44, 73 (2018). It is also "'well settled law that the expansive language of that provision' is the source of the state constitutional guarantee" of equal protection. UAW v. New Jersey Governor Philip Murphy, 483 N.J. Super. 414, 441 (App. Div. 2026) (quoting Sojourner A. v. N.J. Dep't of Human Servs., 177 N.J. 318, 332 (2003)), stay granted pending consideration of appeal, 263 N.J. 325 (2026).

In evaluating claims under Article I, Paragraph 1—whether styled as equal protection or substantive due process—we do not apply the federal tiers of scrutiny, but rather a more flexible balancing test. See Greenberg v. Kimmelman, 99 N.J. 552, 567 (1985) ("The analysis of fundamental rights under

20

the New Jersey Constitution differs from analysis of those rights under the United States Constitution."); UAW, 483 N.J. Super. at 446 ("'Under [the New Jersey Constitution], a right need not be labeled "fundamental" or a classification deemed "suspect" to trigger searching judicial review.'" (quoting Robert F. Williams & Ronald K. Chen, The New Jersey State Constitution 58 (3d ed. 2023))).

We recently reiterated this state constitutional balancing test in UAW, noting that it "considers three aspects: (1) 'the nature of the affected right'; (2) 'the extent to which the governmental restriction intrudes upon it'; and (3) 'the public need for the restriction.'" 483 N.J. Super. at 443-44 (quoting Greenberg, 99 N.J. at 567). "[I]n many instances," the New Jersey balancing test "entails looking at the same facts and interests and produces the same outcomes" as the federal tiers of scrutiny, id. at 446, as "the factors to be balanced are 'implicit, if not explicit, in federal analysis of the due process and equal protection clauses,'" Belmar, 343 N.J. Super. at 17-18 (citing Greenberg, 99 N.J. at 567). We also reiterate that municipal ordinances are generally presumed to be valid. Newfield, 439 N.J. Super. at 209. However, the state constitutional balancing test "can potentially lead to an invalidation of a statutory classification even where no fundamental right is infringed and the State contends the classification

21

rests on a 'rational basis.'" UAW, 483 N.J. Super. at 446. See also id. at 443-46 (summarizing our Supreme Court's application of the balancing test to the facts of Greenberg and Lewis v. Harris, 188 N.J. 415 (2006)).

We conclude that under the liberal pleading standards applicable to a motion to dismiss, plaintiff has stated an equal protection claim under the State Constitution. We emphasize that when reviewing a complaint on a motion to dismiss, we must "giv[e] the plaintiff the benefit of 'every reasonable inference of fact.'" Baskin, 246 N.J. at 171 (quoting Dimitrakopoulus, 237 N.J. at 107). Because the state constitutional balancing test by its nature requires fact-specific analysis of, for instance, the degree to which the Ordinance burdens the right of young adults to rent a motel room and the extent to which that restriction actually advances the Borough's goal of reducing nuisance-like behaviors, we are constrained to reverse the trial court's dismissal of the complaint at this early stage of the litigation.

More specifically, beginning with the first two factors of the state balancing test, during the covered period, the Ordinance infringes completely on the right of eighteen-to-twenty-one-year-old legal adults to rent a hotel or motel room in the Borough. Critically, moreover, under the third factor, while the Borough has put forward a plausible justification for the restriction, the

degree to which that restriction is necessary remains an open and fact-sensitive question. We decline to conclude—as a matter of law and without any fact-finding by the trial court—that the Borough's need to control nuisance-like, rowdy behavior during prom/graduation season outweighs the Ordinance's discriminatory impact on eighteen-to-twenty-one-year-olds.

We reiterate that this case comes to us on a motion to dismiss, and that we therefore may only dismiss the complaint if its factual allegations are "palpably insufficient" to support a claim for relief. Palmisano, 482 N.J. Super. at 334. Without evidence in the record regarding, for instance, (1) whether the Ordinance is in fact an effective mechanism to control rowdy behavior or (2) the degree to which it is overinclusive (preventing innocent young adults from renting a hotel room) or underinclusive (failing to prevent others from disrupting the Borough with nuisance-like behaviors), we do not believe that plaintiff's equal protection claim fails as a matter of law, and therefore reverse the court's dismissal of that claim.[7]

---

[7] In its opposition to plaintiff's motion for temporary restraints, the Borough attached as exhibits several newspaper articles and police reports describing instances of disorderly conduct that allegedly justified the Ordinance. However, because our review of a motion to dismiss for failure to state a claim "is limited to examining the legal sufficiency of the facts alleged on the face of the

For similar reasons, we also reverse and remand the court's dismissal of plaintiff's state substantive due process claim. In addition to discriminating based on age, the Ordinance infringes on the rights of individuals to rent and occupy a hotel/motel room with persons of their choosing. For instance, the Ordinance prevents eighteen-to-twenty-one-year-old adults from sharing a hotel room with their peers, and prevents an adult over twenty-one from sharing a room with anyone under twenty-one who is not their "immediate family member." As with the equal protection claim, these are constitutionally significant burdens on the rights of would-be motel guests. Given the lack of a factual record at this stage, we cannot conclude as a matter of law that they are outweighed by the Borough's asserted need for the restriction.

We note further in this regard that New Jersey courts have repeatedly disapproved of shore communities' attempts to restrict or dictate who may occupy or visit summer rental housing. In <u>Kirsch</u>, our Supreme Court struck down ordinances that sought to restrict seasonal seashore rentals to "families"[8]

---

complaint," <u>Printing Mart</u>, 116 N.J. at 746, we decline to consider these exhibits at this stage.

[8] More specifically, one of the ordinances in <u>Kirsch</u> defined "family" as a group "related by blood or marriage" or otherwise "of a permanent and distinct domestic character." <u>Id.</u> at 247.

to curb summertime rentals by allegedly disorderly groups of unrelated young adults.  59 N.J. at 245-52.  The Court underscored that the ordinances "preclude so many harmless dwelling uses . . . that they must be held to be so sweepingly excessive, and therefore legally unreasonable, that they must fall in their entirety."  Id. at 251-52.  The Court further noted that "[o]rdinarily obnoxious personal behavior can best be dealt with . . . by vigorous and persistent enforcement of general police power ordinances and criminal statutes."  Id. at 253.

Kirsch's reasoning has been adopted in a number of cases involving occupancy restrictions on shore rentals.  See, e.g., Belmar, 343 N.J. Super. at 38 (invalidating a restriction on the number of persons who could be present in a summer rental during nighttime hours because the provision "impacts . . . a substantial amount of protected behavior, more than is necessary to abate the [relevant] nuisances"); Borough of Glassboro v. Vallorosi, 117 N.J. 421, 426 (1990) ("The courts of this state have consistently invalidated zoning ordinances intended 'to cure or prevent . . . anti-social conduct in dwelling situations.'" (quoting Kirsch, 59 N.J. at 253-54)).  While this case concerns hotel rooms, not long-term rentals or a zoning regulation, we believe it nonetheless implicates the core principle recognized in Kirsch, Belmar, and Vallorosi:  that a

municipality should not overburden innocent persons based on the potential disorderly or nuisance-like behavior of others. While we offer no views on whether that principle ultimately carries the day here, we remand for the trial court to apply the state constitutional balancing test in light of this case law.

On remand, the trial court should allow reasonable discovery—in its discretion—into the effect of the Ordinance on the innocent conduct of would-be motel customers and the public need for the restriction with respect to preventing rowdy or nuisance-like behavior. We emphasize that the court retains discretion over the scope of the discovery process, see UAW, 483 N.J. Super. at 426, and we of course offer no opinion on the appropriate discovery or outcome of the remand. Moreover, as in UAW, our holding does not "signify that trial judges should routinely allow discovery and consider presiding over evidentiary hearings every time a state equal protection argument is asserted in a pleading or a brief." Id. at 427. Rather, we hold that on the particular facts of this case, dismissal of plaintiff's state constitutional claims was improper.

V.

Finally, we address plaintiff's claim that the Ordinance is impermissibly vague. We begin by once again noting that municipal ordinances are presumptively valid. Newfield, 439 N.J. Super. at 209. Turning to substantive

26

vagueness principles, as long as ordinary people are "apprised with a reasonable degree of certainty of that which is proscribed," a statute is not unconstitutionally vague. Ibid. "Even where a statute's constitutionality is 'fairly debatable, courts will uphold' the law." State v. Lenihan, 219 N.J. 251, 266 (2014) (quoting Newark Superior Officers Ass'n v. City of Newark, 98 N.J. 212, 227 (1985)). A statute is void for vagueness when it either "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." In re Commitment of J.M.B., 197 N.J. 563, 599 (2009) (quoting Karins v. Atlantic City, 152 N.J. 532, 541 (1998)). A vague statute violates due process when there is a lack of warning or notice that certain actions violate the statute. Ibid. Unconstitutional "[v]agueness leaves people guessing about their obligations." State v. Carter, 247 N.J. 488, 518 (2021).

Here, because plaintiff challenged the Ordinance before it went into effect, its challenge is necessarily facial rather than as applied. A law is facially vague "if it is vague in all applications." State v. Dalal, 467 N.J. Super. 261, 281 (App. Div. 2021). "Accordingly, a facial due process challenge is particularly difficult to present and establish." Ibid.

Plaintiff and the ACLU argue that the Ordinance is impermissibly vague because it fails to clarify who counts as an "immediate family member" or "guardian," and because it only states that a hotel or motel is "responsible for compliance" with the age restriction, without being more specific. While one can conceive of hypothetical scenarios in which it is unclear whether these terms apply, we decline to invalidate the Ordinance based on such pre-enforcement speculation, as there are ample situations in which the Ordinance clearly would apply without ambiguity: to give one example, a motel is plainly prohibited from knowingly renting a room to a group of eighteen-year-old high school graduates. See Town Tobacconist v. Kimmelman, 94 N.J. 85, 99 (1983) ("[A] pre-enforcement attack on vagueness grounds generally fails if the Act is clear in one of its applications."). As a result, we decline to reverse the court's dismissal of the complaint on this basis. We note that nothing in our opinion precludes plaintiff from bringing an as-applied vagueness challenge in the future.

To the extent we have not specifically addressed them, any remaining arguments made by plaintiff lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

28

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2683-23